IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN BURTON-LISTER | : |
| | : CIVIL ACTION |
| Plaintiff, | : |
| | : NO.: _____ |
| v. | : |
| | : |
| TRI-COUNTY PAIN MANAGEMENT CENTER, P.C.; BEABB INC.; 3B PAIN MANAGEMENT CENTER, P.C.; BEABB INC. *d/b/a* NORRISTOWN PAIN MANAGEMENT CENTER; GREATER PHILADELPHIA PAIN MANAGEMENT CENTER, P.C.; MONROEVILLE SCIC, INC.; NESHAMINY VALLEY PAIN MANAGEMENT CENTER, P.C.; SOUTH JERSEY NEUROLOGY AND PAIN CENTER, P.C.; PRECISION PAIN MANAGEMENT CENTER, P.C.; WEST PHILADELPHIA PAIN MANAGEMENT CENTER, INC.; and WILMINGTON PHYSICAL MEDICINE AND REHABILITATION INC. | : |
| Defendants. | : |

**CIVIL ACTION COMPLAINT**

Karen Burton-Lister (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through her undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1. Plaintiff has initiated this action to redress violations by Tri-County Pain Management Center, P.C., BEABB Inc., 3B Pain Management Center, P.C., BEABB Inc. *d/b/a* Norristown Pain Management Center, P.C., Greater Philadelphia Pain Management Center, P.C., Monroeville SCIC, Inc., Neshaminy Valley Pain Management Center, P.C., South Jersey

Neurology and Pain Center, P.C., Precision Pain Management Center, P.C., West Philadelphia Pain Management Center, Inc., and Wilmington Physical Medicine and Rehabilitation Inc. (*hereinafter* collectively referred to as "Defendants") of the Americans with Disabilities Act, as amended ("ADA" – 42 U.S.C. §§ 12101 *et. seq.*), Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 200d *et seq.***)**/the Pregnancy Discrimination Act ("PDA"), and the Pennsylvania Human Relations Act ("PHRA").[1]  As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3. This Court may properly assert personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants are deemed to reside where they are subjected to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

5. Plaintiff is proceeding herein (in part) under the ADA and Title VII after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file her lawsuit in advance of same because of the date of issuance of her federal right-to-sue-letter under the ADA and Title VII. Plaintiff's PHRA claims however will mirror identically her federal claims under the ADA and Title VII.

Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety ("90") days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual with an address of P.O. Box 1133, Lansdale, Pennsylvania 19446.

8. Defendants are a large enterprise of over 10 locations doing business under the umbrella of Tri-County Pain Management Centers, but using such entity names as Tri-County Pain Management Center, P.C., BEABB Inc., 3B Pain Management Center, P.C., BEABB Inc. *d/b/a* Norristown Pain Management Center, P.C., Greater Philadelphia Pain Management Center, P.C., Monroeville SCIC, Inc., Neshaminy Valley Pain Management Center, P.C., South Jersey Neurology and Pain Center, P.C., Precision Pain Management Center, P.C., West Philadelphia Pain Management Center, Inc., and Wilmington Physical Medicine and Rehabilitation Inc., and they are all registered corporate entities with the Pennsylvania Department of State.

9. Upon information and belief, the above entities were run as a joint operation and enterprise with employees moving from one entity to another and all operations being conducted as if a single enterprise. Because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership, and management that they made be treated as a single and/or joint employer for purposes of the instant action.

10. Plaintiff received payroll and a W-2 (for taxation purposes) directly from Defendant 3B Pain Management Center, P.C., but was *functionally and legally* an employee of all Defendants.

11. Upon information and belief, one of the locations in which Defendants collectively operate from (and is listed as the address for Plaintiff's employer on her W-2 form) is 600 Louis Drive, Suite 202, Warminster, Pennsylvania 18974. Plaintiff managed Human Resource ("HR") matters at all Defendant locations but was deemed based at the Warminster, Pennsylvania address.

12. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendants.

## FACTUAL BACKGROUND

13. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14. Plaintiff was hired by Defendants in August of 2019 as an HR Manager, responsible for HR matters at all of Defendants' locations; however, Plaintiff was deemed based out of Defendants' 600 Louis Drive, Suite 202, Warminster, Pennsylvania location.

15. Plaintiff was primarily supervised by Defendants' Chief Operating Officer ("CEO"), Dr. Brian Bayzick (*hereinafter* "Dr. Bayzick") and Chief Operations Officer ("COO") Dr. Brian Epstein (*hereinafter* "Dr. Epstein").

16. Plaintiff was viewed as an otherwise exemplary manager for Defendants, often receiving praise up to and until she discussed her health conditions with Defendants' management the month prior to her termination (discussed further *infra*).

17. In particular, between March 17th and March 19th of 2020, in the midst of the COVID-19 pandemic, Plaintiff disclosed to Defendants' management that she had several

disabilities and requested the ability to work from home, at which time she was directed to identify any and all of her health conditions.

18. In response to Defendants' management's request to identify her disabilities, Plaintiff disclosed an autoimmune disease, Diabetes, Hypertension, and Asthma with underlying concerns of coronavirus contraction. Plaintiff was directed to obtain medical documentation for her reasonable accommodation request (i.e. the ability to work from home), which she did.

19. On or about April 9, 2020, just a few weeks after disclosing her aforesaid disabilities and requesting the accommodation to work from home, Plaintiff was abruptly terminated for allegedly not being "informative enough."

20. Defendants purported reason for terminating Plaintiff – not being "informative enough" is false and completely pretextual because *inter alia* (1) Plaintiff consistently worked hard for Defendants and performed her job well; (2) Plaintiff did not have a disciplinary history while working for Defendants; (3) Plaintiff provided Defendants with all of the information they requested regarding her disabilities and accommodation requests; and (4) Plaintiff was terminated shortly after informing Defendants' management of her serious health conditions and need for accommodations.

21. Separately and apart from Plaintiff's aforesaid claims of disability discrimination and retaliation, leading up to her termination, Plaintiff also objected to discrimination on behalf of a pregnant co-worker, Nicole (last name unknown, *hereinafter* "Nicole") who inquired about working remotely.

22. Specifically, Dr. Bayzick had informed Plaintiff, "she [Nicole] is pregnant, so I don't trust her working from home," and "we should just fire her since she is pregnant anyway."

When Plaintiff advised Dr. Bayzick that she would not participate in terminating Plaintiff because of her pregnancy, as it was illegal, he hostilely replied that he would talk to his own lawyer.

23. Dr. Bayzick exhibited clear frustration and animosity toward Plaintiff at her refusal to participate in his unlawful scheme to terminate Nicole because of her pregnancy.

24. Shortly thereafter, Plaintiff came to learn that Dr. Bayzick sent Nicole a letter identifying she was terminated, without any of Plaintiff's involvement.

25. Plaintiff believes and therefore avers that she was also terminated from her employment with Defendants for having objected to and/or complained of Defendants' Title VII/PDA violations on behalf of her co-worker.

## COUNT I
### Violations of the Americans with Disabilities Act, as Amended ("ADA")
([1] Actual/Perceived/Record of Disability Discrimination; and [2] Retaliation)
-Against All Defendants-

26. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

27. Plaintiff suffered from qualifying health conditions under the ADA which affected her ability (at times) to perform some daily life activities.

28. Plaintiff kept Defendants' management informed of her serious medical conditions and need for accommodations.

29. Despite Plaintiff's aforementioned health conditions and limitations, she was still able to perform the duties of her job well with Defendants; however, Plaintiff did require reasonable medical accommodations at times.

30. Plaintiff requested reasonable accommodations from Defendants, including but not limited to, the ability to work remotely during the COVID-19 pandemic as a result of her aforesaid disabilities and concerns of coronavirus contraction.

31. On or about April 9, 2020, in close proximity to Plaintiff's request and/or utilization of a reasonable medical accommodation (i.e. the ability to work remotely), Plaintiff was abruptly terminated from her employment with Defendants.

32. Therefore, Plaintiff believes and avers that she was terminated from Defendants because of: (1) her known and/or perceived health problems; (2) her record of impairment; and/or (3) her requested accommodations (which constitutes illegal retaliation).

33. These actions aforesaid constitute violations of the ADA.

## COUNT II
### Title VII/the Pregnancy Discrimination Act
### (Retaliation)
### -Against All Defendants-

34. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

35. Leading up to her termination, Plaintiff had also objected to discrimination on behalf of a pregnant co-worker who inquired about working remotely.

36. Specifically, Plaintiff objected to Defendants' managements' intent to terminate the pregnant co-worker because of her pregnancy.

37. Plaintiff informed Defendants' management that she would not participate in terminating the co-worker because of her pregnancy as it constituted illegal discrimination.

38. Defendants' management later terminated the co-worker without Plaintiff's involvement.

39. On or about April 9, 2019, in close proximity to when Plaintiff engaged in protected activity under Title VII/PDA, Plaintiff was abruptly terminated for pretextual reasons.

40. Plaintiff believes and therefore avers that she was terminated from her employment with Defendants for having objected to and/or complained of Defendants' Title VII/PDA violations on behalf of her co-worker.

41. These actions as aforesaid constitute violations of Title VII/PDA, as amended.

## COUNT III
## Violations of ERISA – Section 510, 29 U.S.C. § 1140
### (Interference & Retaliation)

42. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

43. Upon information and belief, Defendants' management refused employees participation in Defendants' group health plan (including Plaintiff), only offering it to select people *despite Plaintiff's ongoing concerns* of same (and her inquiries of insurance for herself).[2]

44. Upon information and belief, a motivating factor in Defendants' termination of Plaintiff's employment was Plaintiff's attempts to exercise her rights under Defendants' ERISA qualified group health plan.

45. It is also believed and averred that Defendants terminated Plaintiff's employment with the purpose of interfering with her attempt to attain benefits under Defendants' ERISA qualified group health plan.

46. Plaintiff's termination from her employment for the aforesaid reasons constitutes violations of ERISA, Section 510.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

---

[2] Shortly before her termination, Plaintiff discovered that several of Defendants' managers were provided with heath insurance under Defendants' group health plan, including the Billing Manager, while Plaintiff (Defendants' HR Manager) was denied group health coverage and informed that "no employees" were provided with health coverage.

A.     Defendants are to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B.     Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C.     Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D.     Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E.     Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

F.     Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Rd.
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: July 28, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Karen Burton-Lister | : | CIVIL ACTION |
| v. | : | |
| Tri-County Pain Management Center, P.C., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| 7/28/2020 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: PO Box 1133, Lansdale, PA 19446

Address of Defendant: 600 Louis Drive, Suite 202, Warminster, PA 18974

Place of Accident, Incident or Transaction: Defendants place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7/28/2020 _____ /s/ _____ ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

A. *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [X] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf _____, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 7/28/2020 _____ /s/ _____ ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
BURTON-LISTER, KAREN

**DEFENDANTS**
TRI-COUNTY PAIN MANAGEMENT CENTER, P.C., ET AL.

**(b)** County of Residence of First Listed Plaintiff: Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- 1 U.S. Government Plaintiff
- **X** 3 Federal Question *(U.S. Government Not a Party)*
- 2 U.S. Government Defendant
- 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | | 368 Asbestos Personal Injury Product Liability | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 340 Marine | | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| | 345 Marine Product Liability | | | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | 480 Consumer Credit |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 370 Other Fraud | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 190 Other Contract | 360 Other Personal Injury | 371 Truth in Lending | 720 Labor/Management Relations | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability | | 380 Other Personal Property Damage | | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 196 Franchise | | 385 Property Damage Product Liability | 740 Railway Labor Act | 864 SSID Title XVI | 891 Agricultural Acts |
| | 362 Personal Injury - Medical Malpractice | | 751 Family and Medical Leave Act | 865 RSI (405(g)) | 893 Environmental Matters |
| | | | | | 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 790 Other Labor Litigation | **FEDERAL TAX SUITS** | 896 Arbitration |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 870 Taxes (U.S. Plaintiff or Defendant) | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | | |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | **X** 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | | **Other:** | 462 Naturalization Application | | |
| | 446 Amer. w/Disabilities - Other | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | 448 Education | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- **X** 1 Original Proceeding
- 2 Removed from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from Another District *(specify)*
- 6 Multidistrict Litigation - Transfer
- 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); Title VII (42USC2000)/PDA

Brief description of cause:
Violations of ADA, Title VII/PDA and the Pennsylvania Human Relations Act.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: **X** Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 7/28/2020
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

[Print]   [Save As...]   [Reset]